NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IAN R. DIAZ,

Defendant - Appellant.

No. 23-1341

D.C. No.
8:21-cr-00084-JLS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted January 15, 2025
Pasadena, California

Before: RAWLINSON and M. SMITH, Circuit Judges, and RAKOFF, District
Judge.[**]

Defendant-Appellant Ian Diaz was convicted on four counts arising out of a

cyberstalking scheme he orchestrated with his then-wife that was intended to frame

his ex-fiancé for various crimes. Those counts included: (1) conspiracy to commit

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

cyberstalking, in violation of 18 U.S.C. § 371 (Count One); (2) cyberstalking, in violation of 18 U.S.C. § 2261A(2) (Count Two); (3) perjury, in violation of 18 U.S.C. § 1621 (Count Three); and (4) obstruction of a Government investigation, in violation of 18 U.S.C. § 1519 (Count Four). On appeal, Diaz raises multiple challenges to those convictions. For the reasons stated below, we reject Diaz's challenges and affirm his convictions.

Turning first to Counts One and Two, Diaz argues that the district court reversibly erred in instructing the jury on the mens rea element of section 2261A(2), which criminalizes "us[ing] the mail [or] any interactive computer service" to "engage in a course of conduct that . . . causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person" with "the intent to kill, injure, harass, [or] intimidate." 18 U.S.C. § 2261A(2)(B). The district court instructed the jury that the terms "harass" and "intimidate" have their "plain and ordinary meaning." Diaz argues, as he did below, that this instruction was overbroad and defective under the Third Circuit's holding in *United States v. Yung*, 37 F.4th 70 (3d Cir. 2022), as well, he claims, under various Supreme Court precedents, including *Counterman v. Colorado*, 600 U.S. 66 (2023). None of the cases on which Diaz relies is controlling here, as each either interpreted a different statute, was decided by another circuit, or arose from a facial First Amendment challenge rather than an instructional challenge. Moreover, in the latter context, this

Court, in *United States v. Osinger*, 753 F.3d 939, 945 (9th Cir. 2014), held that the term "harass" in section 2261A(2) is not an "esoteric or complicated term[] devoid of common understanding." Furthermore, the district court here correctly applied our own precedent that when Congress has not specifically defined a statutory term, we generally rely on that term's ordinary meaning, *see United States v. Neal*, 776 F.3d 645, 652 (9th Cir. 2015); and that when a statutory term is expected to be within a jury's common understanding, we do not require district courts to define it, *see United States v. Lopez*, 4 F.4th 706, 730 (9th Cir. 2021).[1]

For the first time on appeal, Diaz also argues that the district court reversibly erred in instructing the jury on the "use" element of section 2261A(2). As to that element, the district court instructed the jury that the Government was required to prove that "the defendant *used* any interactive computer service" and that "*through the use* of the computer interactive service . . . the defendant engaged in a course of conduct that caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to [the victim]." According to Diaz, these instructions ran afoul of the Supreme Court's intervening decision in *Dubin v. United States*, 599

---

[1] For the first time on appeal, Diaz also argues, without reference to any Ninth Circuit precedent, that the panel should construe the terms "intimidate" and "harass" to refer to sexual harassment only. Such an argument, without more, is insufficient to satisfy the "clear or obvious" prong of the plain-error standard governing forfeited claims. *See United States v. Johnson*, 979 F.3d 632, 636 (9th Cir. 2020). And, in any event, if Congress had intended such a limitation, it could easily have put such modification in the words of the statute, which it did not.

U.S. 110 (2023), which narrowly construed the word "use" in an unrelated aggravated identity theft statute. The particular circumstances of the aggravated identity theft statute are not remotely present here. We therefore affirm Diaz's convictions on Counts One and Two.

Turning next to Count Three, Diaz argues that the Government's evidence as to his perjury conviction was insufficient. That conviction was based on an answer Diaz gave during a deposition in a related civil case. During the deposition, Diaz was asked whether he had accessed the online accounts of his then-wife that were used as part of the cyberstalking scheme. Specifically, he was asked: "What about during your relationship with [your ex-wife]? Did you ever access [her] accounts?" In response, Diaz falsely answered: "No." At trial, the Government provided the jury with a portion of the deposition transcript that redacted the questions and answers immediately preceding the question and answer underlying Count Three. For the first time on appeal, Diaz argues that there was insufficient evidence to support his perjury conviction because the redactions deprived the jury of necessary context and thereby rendered the question insufficiently precise. But, in our view, the redactions did not introduce any ambiguity into the relevant question and answer. We therefore reject Diaz's sufficiency challenge and affirm his conviction on Count Three.

Finally, Diaz argues that the Government's evidence was insufficient with respect to Count Four, which was based on his deletion of his email account during

23-1341

the Government's investigation. He primarily argues that the evidence showed that he deleted his email account after the Government had already accessed it, such that he neither intended to obstruct nor actually obstructed the Government's investigation. We disagree. At trial, a special agent testified that the Government executed a search warrant for the account but "did not get any e-mails back because the account had been deleted." Both in light of that evidence and given the lack of any affirmative evidence (beyond Diaz's self-serving deposition testimony) that the Government had already accessed the account pursuant to an earlier search, "*any rational trier of fact could have found the essential elements of [obstruction] beyond a reasonable doubt.*" *United States v. Kirst*, 54 F.4th 610, 623 (9th Cir. 2022) (quoting *United States v. Kaplan*, 836 F.3d 1199, 1212 (9th Cir. 2016)). Accordingly, we affirm Diaz's obstruction conviction.[2]

**AFFIRMED.**

---

[2] Diaz raises several additional unpreserved challenges to his obstruction conviction. However, given that Diaz does not dispute that he deleted his email account, he has not demonstrated that any of the potential errors he has identified prejudiced him or "seriously affected the fairness, integrity, or public reputation of judicial proceedings," as required to prevail on plain-error review. *Johnson*, 979 F.3d at 636.